IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VICTOR CHARLES FOURSTAR, JR.,

    Petitioner,
v.                                                 CASE NO. 5:15-cv-303-LC-GRJ

WARDEN, FCI MARIANNA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 8, Petitioner's second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). The Petition stems from Petitioner's 2002 conviction of aggravated sexual abuse for which he received an enhanced sentence of 188 months in prison. *United States v. Fourstar*, Case No. 4:02-cr-52-BMM (D. Mont.). Petitioner's conviction and sentence were affirmed on direct appeal. *United States v. Fourstar*, 87 Fed. Appx. 62 (9th Cir. 2004). Petitioner is presently confined at FCI Marianna. The Bureau of Prisons online inmate locator reflects that Petitioner's current release date is in December 2016.[1]

---

[1] *See* https://www.bop.gov/inmateloc/.

The Petition asserts six claims. Five of the claims allege ineffective assistance of counsel in connection with Petitioner's 2002 trial. Specifically, Petitioner alleges that counsel was ineffective for: (1) Failing to object to conditions of sex-offender supervision imposed by the trial court; (2) failing to object to "vague and race-based charges"; (3) Failing to object to vague sentencing guidelines; (5) Failing to appeal a prior conviction that was used to enhance Petitioner's sentence; and (6) Failing to object to Petitioner's enhanced sentence based on "acquitted conduct." ECF No. 8 at 6-9. Petitioner's claim (4) does not relate to his underlying conviction. Petitioner contends that on January 11, 2016 – after this case was filed – he was threatened with enhanced disciplinary sanctions if he failed to comply with six-month pre-release conditions. As explained below, this claim is unexhausted.

The Court takes judicial notice that Petitioner has filed multiple unsuccessful postconviction challenges to his conviction and sentence, the details of which do not need to be recounted here. Petitioner currently has another pending § 2241 petition in this Court, *Fourstar v. English*, Case No. 5:15-cv-297-MP-CAS, in which he also challenges his underlying

conviction but makes different claims regarding trial court error.  Prior to the petitions filed in this Court, Petitioner most recently sought relief under § 2241 in the Southern District of Illinois.  As summarized by that court, Petitioner unsuccessfully attacked his sentence in the trial court under 28 U.S.C. § 2255 in 2005, and has filed at least three successive § 2255 petitions attacking his conviction.  *See Fourstar v. Walton*, Case No. 13-cv-1122-DRH (S.D. Ill. 11/25/13) (dismissing petition with prejudice pursuant to the § 2255 savings clause) (citing *United States v. Fourstar*, Case No. 4:02-cr-52-BMM (D. Mont.)).  The Court's PACER case index reflects that Petitioner has filed at least eight § 2241 petitions challenging his underlying conviction and sentence in federal courts in California, Kentucky, Texas, Illinois, Georgia, and Florida.

Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"  Here, Petitioner has previously been denied relief under 28 U.S.C. § 2255 on multiple occasions.

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."

The Eleventh Circuit has held that in order to proceed under the § 2255(e) savings clause, a § 2241 petitioner must satisfy five specific requirements: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, Circuit precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1257 (11th Cir. 2013).

In this case, it is unnecessary to address all five *Bryant* requirements

because Petitioner's claims of ineffective assistance of counsel all fail to satisfy the first requirement – that Circuit precedent foreclosed the claims. Petitioner's claims of ineffective assistance of counsel all relate to trial and sentencing proceedings and clearly were available to Petitioner in his first § 2255 proceeding.

Petitioner concedes that his fourth claim was unexhausted at the time he filed this case. The claim arose on January 11, 2016, when he was threatened with enhanced disciplinary sanctions. *See* ECF No. 8 at 8-9. Petitioner states that his administrative remedies regarding this claim are "pending". *Id*.

The responsibility for executing a federal sentence lies with the Attorney General of the United States, who has delegated such responsibility to the BOP.[2] The BOP has formulated an administrative remedy program through which federal inmates may challenge the BOP's sentence computation, including disciplinary matters.[3]

---

[2] *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990).

[3] The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal procedures fail to achieve the desired results. 28 C.F.R. § 542.10, *et seq*. The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal by filing a

Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, and thus exhaustion is not jurisdictional, it is nonetheless a requirement that the Court may enforce.[4] Therefore, to obtain judicial review of a disciplinary matter, a federal inmate must first exhaust his available administrative remedies within the BOP's administrative remedy program.[5] Petitioner concedes that he did not do so prior to filing this case.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED.**

**IN CHAMBERS** this 29th day of April 2016.

                              *s/ Gary R. Jones*
                              GARY R. JONES
                              United States Magistrate Judge

---

Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located. Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

[4] *Santiago-Lugo v Warden*, __ F.3d __, 2015 WL 1936707 (11th Cir. April 30, 2015).

[5] *See United States v. Mitchell*, 845 F.2d 951, 952-53 (11th Cir. 1988); *United States v. Mathis*, 689 F.2d 1364, 1365 (11th Cir. 1982).

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.